# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Eugene P. Harrison, ) | Civil Action No. 9:21-1682-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Duane Parrish and Devon Harris, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the amended complaint be dismissed as frivolous. (Dkt. No. 20.) For the reasons set forth below, the Court adopts the R & R as the order of the Court. The amended complaint is dismissed with prejudice and without issuance and service of process.

## I.     Background

Eugene Harrison proceeds *pro se* and *in forma pauperis* to allege that Defendants, the director and manager of the South Carolina Department of Parks, Recreation and Tourism, violated his rights under the Americans with Disabilities Act ("ADA") when, on or about December 1, 2018, Defendant Parrish ordered Defendant Harris to prohibit Plaintiff from using the public restroom facilities at a Welcome Center on I-95 in South Carolina. Plaintiff alleges that he is diabetic, has wounds on his foot, and needed to sit down to change the bandages. Plaintiff alleges that he was prohibited from doing so "for no reason at all" and alleges that Defendants may have thought that Plaintiff previously raised his voice to his former fiancé, an employee at the Welcome Center. Plaintiff seeks $300,000 in punitive damages for this violation, as well as for misconduct "in the tort law." (Dkt. Nos. 1, 12.) The Magistrate Judge

conducted an initial review of this action and recommends that it be dismissed as frivolous, to which Plaintiff filed no objection.

## II.     Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews it to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.    Discussion

Plaintiff filed the amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence a federal action without prepaying the administrative costs with proceeding with the lawsuit. The district court may dismiss such a complaint if it "fails to state a claim on which relief can be granted," is "frivolous or malicious," or "seeks monitory relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous where it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state acclaim when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Dismissal may be *sua sponte* if the claim is based on a meritless legal theory. 28 U.S.C. § 1915(e)(2)(B).

The Court finds that the Magistrate Judge correctly concluded that Plaintiff's amended complaint is subject to dismissal.  The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodating." 42 U.S.C. § 12181(a).  Affording this *pro se* litigant's pleading an appropriately liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff has not alleged that he is disabled nor that he was denied access to a public accommodation as a result of any such disability.  Rather, Plaintiff alleges that he was not allowed to use the facility "for no reason at all" or perhaps because Defendants thought he had previously raised his voice to their coworker.  Moreover, the ADA provides "no right of action for monetary relief" as sought here. *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 638 (4th Cir. 2016).

For these reasons, the Court finds that the pleading fails to state a claim upon which relief can be granted, as required by § 1915.  The Court further finds that leave to amend this claim would be futile. *See, e.g.*, *Workman v. Morrison Healthcare*, 724 Fed. Appx. 280, 281 (4th Cir. 2018) (district court may exercise discretion to dismiss with prejudice where leave to amend was previously given).  Last, the Court, in its discretion, declines to exercise supplemental jurisdiction over any remaining state law claims, which as the Magistrate Judge notes, are also frivolous.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R as the order of the Court. (Dkt. No. 20.)  Plaintiff's claims are **dismissed with prejudice** and without leave to amend or issuance and service of process.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

December 2, 2021
Charleston, South Carolina

-4-